UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE BURKE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BRENTWOOD UNION SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No. 15-cv-00286-EDL<br><br>**ORDER DIRECTING PRODUCTION OF DOCUMENTS FROM JUVENILE CRIMINAL CASE FILE**<br><br>Re: Dkt. No. 78, 79, 83 |

## I.  BACKGROUND

On June 28, 2016, Plaintiffs and Defendants jointly filed a Stipulation for Order Directing Production of the Clerk's Transcript on Appeal and the Criminal File of the Attorney General's Office seeking materials related to the juvenile court prosecution of J.L.  This request was precipitated by Plaintiffs' discovery of references in the clerk's transcript of J.L.'s state court habeas corpus petition regarding the discovery in November 2013 by BUSD personnel of matters potentially related to Plaintiff's case.

On June 29, 2016, the California Attorney General filed a Motion to Intervene and Object to Stipulation for Order Directing Disclosure of Criminal File. The Court granted the motion to intervene.  The Court ordered Plaintiffs and Defendants333 to file, by July 5, 2016, a supplemental brief to address the scope of appropriately tailored discovery from J.L.'s criminal files subject to the existing protective order and ordered Intervenor to respond to that supplemental brief by July 7, 2016.

On July 5, 2016, Plaintiffs timely filed a supplemental brief  narrowing the scope of discovery.  Dkt. 77.  Defendants filed an untimely brief on July 6, 2016 requesting additional discovery exceeding the parameters of the Court's Order.  Dkt. 78.  Intervenor filed a timely

response on July 7, 2016.  Dkt. 83.

**II.    DISCUSSION**

Plaintiffs have now narrowed the materials they seek to those that relate to Defendants' prior knowledge of J.L.'s aggressive behaviors tending to show that he presented a danger of harm to other students, including but not limited to M.B.  Specifically, Plaintiffs point to the following statement in the clerk's transcript of J.L.'s state habeas petition:  "In November of 2013 school officials at the Adams Middle School in Brentwood, California discovered that students were sharing sexually explicit images via social media applications on their phones."  Plaintiffs specifically seek:

> The associated testimony or exhibits, including any writing and statements  from all witnesses (parent(s), student(s), employee(s) or other) referring to the knowledge of any BUSD employee relating to the following categories:
> 1. sexting incident(s) or any related investigation of sexting involving AMS students prior to March 7, 2014;
> 2. J.L.'s violence, bullying, sexual harassment, threats or extortion prior to March, 7 2014;
> 3. J.L.'s sexual misconduct prior to March 7, 2014;
> 4. J.L.'s presence inside school bathrooms with girls prior to March 7, 2014;
> 5. any investigation into J.L.'s conduct prior to March 7, 2014

Plaintiffs state that this information is relevant to a key issue in this case, which is Defendants' knowledge of J.L.'s danger to other students prior to March 7, 2014, when the allegations regarding M.B. came to light.  They point out that Defendants have filed a summary judgment motion claiming that they had no knowledge that J.L. posed a substantial risk of harm to Plaintiff or other students until Plaintiff's report.  Plaintiff believes the file associated with J.L.'s habeas petition will contain information it needs to refute this claim.

Intervenor states that the scope of Plaintiff's request has been sufficiently narrowed and submit to the Court's discretion in this matter.  Intervenor also requests that the Court conduct an in camera review pursuant to California Welfare and Institutions Code section 827 of the documents to be produced.

Defendants assert that Plaintiffs' request is "overbroad" but do not state in what way this is the case.  Defendants also seek additional materials from J.L.'s criminal files that they have never

before sought to obtain by subpoena or otherwise informed the Court or apparently the Attorney General of any need for trial. These materials relate to information regarding statements made by two minors to whom J.L.'s investigator spoke regarding M.B.'s allegations. Intervenor points out that this request is highly invasive and concerns two non-party minors who have not had notice and a chance to object to it. In addition, discovery has closed. Therefore, the Court denies this request.

### III. ORDER

Within five days of the date of this Order, Intervenor shall turn over all documents contained in J.L.'s criminal files responsive to Plaintiff's narrowly tailored request as set out in this Order. These documents shall be designated as "confidential" under the protective order the parties filed with the Court on May 1, 2015. Dkt. 20. Intervenor may withhold only those documents that are shielded from discovery by the attorney-client privilege, or those which are truly protected by a legitimate privacy interest that is not adequately addressed by the existing protective order. However, the Court is unlikely to uphold any such privacy objections, because the existing protective order in this case would generally provide adequate privacy protection. Intervenor may also shield the identity of minors by agreeing with the parties on a convention such as using initials to identify any minor while providing the actual names to the parties only if needed. Further, the Court expects the parties and Intervenor to meet and confer before raising with the Court any privacy issues, as required by Local Rule 37-1(a). If any documents are withheld or redacted, within ten court days of this Order, Intervenor shall provide a privilege log to the parties, identifying each document withheld on privilege or privacy grounds.

**IT IS SO ORDERED.**

Dated: July 22, 2016

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge